IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL A. SPEARS, SR.                                                          PLAINTIFF

V.                                    Case No. 4:25-CV-00530-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration                                          DEFENDANT

## ORDER

## I.      INTRODUCTION

Michael A. Spears, Sr. applied for Supplemental Security Income under Title XVI

of the Social Security Act on November 1, 2021, alleging disability beginning on May 24,

2016. (Tr. at 98, 315). He claimed that he was totally disabled due to "[m]ild heart condition

with a hole in heart, left eye drops, [and] arthritis." (Tr. at 323). His disability claim was

denied both initially and upon reconsideration, and he requested an in-person hearing

before an Administrative Law Judge ("ALJ"). (Tr. at 98, 261). A hearing was held on April

11, 2024. (Tr. at 113). Thereafter, on June 3, 2024, the ALJ concluded that Spears was not

disabled. (Tr. at 98–107).

Spears requested review and provided additional medical evidence to the Appeals

Council, including two sets of medical records from Jefferson Regional Medical Center—

one dated June 1, 2020, through August 2, 2022, and a second dated September 5, 2024,

through February 17, 2025. (Tr. at 7–86). On May 9, 2025, the Appeals Council: (1) found

that Spears's supplemental evidence from 2020 to 2022 did not show a reasonable

probability that it would change the outcome of the decision; (2) found that Spears's

supplemental evidence from 2024 to 2025 did not relate to the period at issue; and (3) denied review. (Tr. at 1–2). The ALJ's decision now stands as the final decision of the Commissioner, and Spears requests judicial review. For the reasons set forth below, the Court affirms the decision of the Commissioner.

## II.    THE COMMISSIONER'S DECISION

At Step One of the sequential five-step analysis,[1] the ALJ found Spears had not engaged in substantial gainful activity since he applied for disability on November 4, 2021. (Tr. at 100). At Step Two, the ALJ identified two severe impairments: carpal tunnel syndrome ("CTS") and right finger osteoarthritis. *Id*. After finding at Step Three that none of Spears's impairments or combination of impairments met or medically equaled a listed impairment, the ALJ determined that Spears had the residual functional capacity ("RFC") to perform medium work except that he can frequently, but not constantly, finger and feel with his right upper extremity and must avoid all exposure to hazards, such as unprotected heights or dangerous moving mechanical parts. (Tr. at 103).

At Step Four, the ALJ found that Spears was unable to perform his past relevant work but that he could perform jobs that exist in significant numbers in the national economy, including kitchen helper, coffee maker, and grocery bagger. (Tr. at 106–07). Based on the foregoing, the ALJ concluded that Spears was not disabled. (Tr. at 107).

---

[1] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4).

## III.    DISCUSSION

### A.    Standard of Review

"In reviewing the ALJ's decision," the Court "examine[s] whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). "Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion,' whereas substantial evidence on the record as a whole entails 'a more scrutinizing analysis.'" *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). "Our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . . [W]e also take into account whatever in the record fairly detracts from that decision.'" *Gann v. Berryhill*, 864 F.3d 947, 950–51 (8th Cir. 2017) (citation omitted). "Reversal is not warranted, however, 'merely because substantial evidence would have supported an opposite decision.'" *Reed*, 399 F.3d at 920 (citation omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

### B.    Spears's Arguments on Appeal

Spears argues two points of error related to the ALJ's consideration of the medical opinion from consultative examiner Priscilla Beasley, APRN: (1) that, although the ALJ found Beasley's opinion generally supported and consistent with the record, he erroneously rejected her limitations on lifting and carrying as vague without contacting her for clarification, and (2) that the ALJ failed to evaluate properly the supportability and consistency of Beasley's opinion regarding Spears's ability to handle and finger. (Doc. 15 at 1). Spears additionally asserts that, given the new medical evidence he submitted to the Appeals Council, the ALJ's errors related to Beasley's medical opinion are reversible. *Id*. at 16. Spears's allegations of error are without merit.

### 1.    Further clarification or development of the record was not necessary.

Spears claims that when an ALJ finds a medical opinion vague, the ALJ should contact the medical professional for further clarification. (Doc. 15 at 12–13). Spears also argues that the moderate limitations for lifting and carrying assigned by Beasley are incompatible with medium exertional work and that the ALJ should have found that Spears was limited to light work. *Id*. at 12. Spears asserts that the "issue of lifting and carrying restrictions is a critical issue," because if the ALJ limited Spears to light work, "he would be found disabled according to the Medical Vocational Guidelines 202.06." *Id*.

Beasley examined Spears on September 13, 2022. (Tr. at 695). Electromyography ("EMG") testing in June 2021 revealed "very mild" CTS in Spears's right median. (Tr. at 600, 699). During the examination, Spears exhibited normal range of motion in his bilateral

shoulders, elbows, wrists, and hands. (Tr. at 697). Spears had no muscle spasm, a negative straight-leg raise, no muscle atrophy, no sensory abnormalities, and normal gait and posture. (Tr. at 698). He had diminished reflexes in his biceps, triceps, and knee. *Id*. He could hold a pen and write; touch fingertips to palm; touch opposite thumb to fingers; pick up a coin; stand and walk without an assistive device; tandem walk; walk on heels and toes; squat; and rise from a squatting position. *Id*. He had 100% grip strength in his left hand and 90% grip strength in his right hand. *Id*. Beasley diagnosed Spears with CTS and chronic right-hand pain. (Tr. at 699). She found that Spears had moderate limitations in lifting and carrying and mild to moderate limitations in fingering and handling in the right hand. *Id*.

An "ALJ is free to accept some, but not all, of a medical opinion." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (citing *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016); *Clay v. Barnhart*, 417 F.3d 922, 930 (8th Cir. 2005)). Moreover, an ALJ is not required to obtain a functional description from medical professionals "that wholly connects the dots between the severity of pain and the precise limits on a claimant's functionality." *Noerper v. Saul*, 964 F.3d 738, 746 (8th Cir. 2020). Although an ALJ has a basic duty to develop a reasonably complete record, *Clark v. Shalala*, 28 F.3d 828, 830–31 (8th Cir. 1994), it is only when the medical records fail to provide sufficient evidence for assessing disability that an ALJ is required to recontact a treating or consulting physician or order further testing. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). Where there is a lack of evidence in the record regarding functional limitations or where the ALJ is presented with conflicting medical opinions and fails to articulate his evaluation

of those opinions, remand may be appropriate for further development. *Noerper*, 964 F.3d at 747 (citing *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)).

Here, the ALJ found that Beasley's medical opinion was partially persuasive; it was generally supported by her examination findings and consistent with other findings in the record, specifically the EMG, nerve conduction study ("NCS"), and physical examinations.[2] (Tr. at 105). The ALJ determined, however, that Beasley's lifting and carrying limitations were "stated in vague terms" and did not "specifically define how much weight and how often the claimant could lift and/or carry." *Id*. The ALJ noted the normal range-of-motion findings, the lack of sensory abnormalities, Spears's ability to use his hands and fingers to perform tasks, and his reduced grip strength on his right hand. (Tr. at 104). The ALJ observed that EMG and NCS testing on Spears's right upper extremity revealed moderate right carpal tunnel syndrome.[3] (Tr. at 104, 557). The ALJ

---

[2] On January 28, 2017, the Social Security Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *See* 20 C.F.R. § 416.920c(a)–(c) (2017). Instead, ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. *See* 20 C.F.R. § 416.920c(c). An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and it is consistent with other evidence in record." *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, at *1 (8th Cir. May 31, 2022) (unpublished per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020) (first citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017); then citing Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030).

[3] In June 2017, EMG and NCS testing showed moderate right CTS. (Tr. at 557). In April 2021, testing revealed only "very mild" right CTS. (Tr. at 602).

acknowledged that Spears exhibited decreased sensation in the right median nerve and decreased pin sensation in the right fifth digit relative to the left in June 2017. (Tr. at 104, 573). Spears was diagnosed with osteoarthritis of his right finger in June 2020. (Tr. at 104, 679). The ALJ noted, however, that, at follow-up appointments in 2021, Spears reported that prescription diclofenac had "helped a lot," that "he was not really having symptoms of carpal tunnel syndrome in the right hand," and his doctor noted that his CTS was "asymptomatic." (Tr. at 104, 662). The ALJ also found partially persuasive the medical opinions of two state agency consultants, both concluding that Spears could perform medium work[4] with some limitations. (Tr. at 105). Based on all the evidence in the record, the ALJ determined that Spears could perform the full range of medium work except he could only frequently, rather than constantly, finger and feel with his right upper extremity. (Tr. at 103).

The Court is satisfied that this is not a case requiring remand. Simply put, there was sufficient evidence in the record—objective medical testing, physical examinations, medical opinions, and "some of Spears's own subjective allegations"—for the ALJ to assess disability, and further development of the record or clarification from Beasley was unnecessary.[5]  (Tr. at 106). Although Spears argues that the moderate limitations Beasley assigned for lifting and carrying are incompatible with medium work, the RFC

---

[4] Medium work includes lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967(c).

[5] Notably, Spears spent much of his time at the hearing complaining of back pain, memory loss, arthritis, syncope, vertigo, and complications from contracting West Nile virus, none of which were found to be severe impairments by the ALJ. (Tr. at 100, 113–61).

determination is an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Considering the record as a whole, the ALJ determined that Beasley's assessment of moderate limitations on lifting and carrying was unpersuasive. The Court finds no error in that conclusion.

> **2.    The ALJ properly evaluated the supportability and consistency of Beasley's medical opinion as to Spears's fingering and handling abilities.**

Spears next argues that the ALJ failed to explain how he considered the supportability and consistency of Beasley's medical opinion as to fingering and handling. (Doc. 15 at 13–16). Spears states that the ALJ misinterpreted Beasley's opinion as finding "mild to moderate limitations in writing." (Tr. at 105). Spears also argues that the ALJ's findings are conclusory and lack reference to specific evidence regarding supportability or consistency. (Doc. 15 at 14–15).

This Court reviews the entire ALJ decision in deciding whether the ALJ's findings were sufficient. *See Terry v. Soc. Sec. Admin.*, No. 4:22-CV-00962-BRW-JTK, 2023 WL 7284018, at *3 (E.D. Ark. Nov. 3, 2023), report and recommendation adopted, *Terry v. Kijakazi*, No. 4:22-CV-00962-BRW, 2023 WL 8004887 (E.D. Ark. Nov. 17, 2023) (stating that "if the record as a whole supports an ALJ's finding about a medical opinion's persuasiveness, and he has discussed other factors about his finding elsewhere in the decision, he has cleared the bar"). When determining whether a provider's opinion is supported, an ALJ may properly consider a provider's own examination notes. *Cropper v. Dudek*, 136 F.4th 809, 815 (8th Cir. 2025) (citing *Bowers v. Kijakazi*, 40 F.4th 872, 875

8

(8th Cir. 2022); *Starman v. Kijakazi*, 2021 WL 4459729 at \*4 (E.D. Mo. Sept. 29, 2021)). Further "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion." 20 C.F.R. § 416.920c(c)(2). Where the ALJ's determination regarding the persuasiveness factors falls "within the 'zone of choice,'" the ALJ's finding should be affirmed. *Cropper*, 136 F.4th at 815 (citing *Austin v. Kijakazi*, 52 F4th 723, 731 (8th Cir. 2022)).

Looking first at supportability, the ALJ acknowledged that Spears had a slightly reduced grip strength in his right hand that required some limitations (Tr. at 104). Reviewing Beasley's examination notes, the ALJ mentioned that Spears was able to use his hands and fingers to perform multiple tasks and had normal range of motion in his right hand and wrist. *Id*. Turning to consistency, the ALJ cited the mild to moderate CTS established by the EMG and NCS testing, as well as two state agency consulting opinions that found Spears could perform frequent handling, fingering, and feeling. (Tr. at 105, 167, 177). The ALJ noted that Spears "did not exhibit any difficulties with gross motor activities" and "limitations on handling are not consistent with physical examination findings." (Tr. at 105). Although the ALJ did refer to Spears's "mild to moderate limitations in writing," which was not specifically addressed as a limitation by Beasley, Beasley included in her examination notes that Spears reported difficulty writing. (Tr. at 105, 695). Ultimately, the ALJ found that Spears was limited to frequent, rather than constant, fingering and feeling with his right upper extremity. (Tr. at 103). This finding was supported by substantial evidence on the record as a whole.

**3.    The supplemental evidence presented to the Appeals Council did not show a reasonable probability of changing the outcome of the ALJ's decision.**

Finally, Spears maintains that the additional medical evidence he submitted to the Appeals Council, when considered in conjunction with other errors by the ALJ, would have changed the outcome of the decision. (Doc. 15 at 16–17). The Court disagrees.

In cases involving the submission of supplemental evidence after the ALJ's decision, the record includes the evidence submitted after the hearing. *See Jenkins v. Apfel*, 196 F.3d 922, 924 (8th Cir. 1999) (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994)); *see also Browning v. Sullivan*, 958 F.2d 817, 823 n. 4 (8th Cir. 1992) (noting that additional evidence submitted to the Appeals Council following an ALJ's decision becomes part of the administrative record for judicial review). "When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, the court does "not evaluate the Appeals Council's decision to deny review, but rather . . . whether the record as a whole, including the new evidence, supports the ALJ's determination.'" *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) (quoting *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000)).

First, the Court notes that some of the supplemental evidence before the Appeals Council was duplicative of what was before the ALJ and, thus, previously considered. Furthermore, when considering the supplemental evidence in combination with other evidence in the record, the ALJ's decision is well supported. Medical records from June 2020 show that Spears exhibited "diffuse pain in his right hand and numbness in the right hand," "a bony prominence over the dorsal aspect to the right hand in the region of the 2nd

10

and 3rd carpometacarpal joints consistent with carpometacarpal bossing," and mild stiffness. (Tr. at 80–81). However, Spears also had good range of motion; no tenderness with palpation; and no pain with pronation, supination, or resisted wrist extension. *Id*. Spears did "not have a clear cut case of lateral epicondylitis." (Tr. at 81). Surgical treatment was discussed, but Spears chose a conservative course of medication and the use of a splint at night. *Id*.

At a follow-up appointment in July 2020, Spears reported the splint had helped. (Tr. at 76). Spears later reported that he discontinued use of the splint and had no active symptoms of CTS. (Tr. at 47). In July 2022, Spears reported only "mild symptoms of numbness" in his right hand. (Tr. at 42). He had good range of motion in the right fingers and wrist, no motor or sensory deficits, a negative Tinel's test, and a negative Phalen's test. *Id*. On September 5, 2024, Spears reported right hand, wrist, and elbow pain that he attributed to "using a weed eater recently." (Tr. at 35). On physical examination, Spears had good active range of motion in the right elbow, was nontender to palpation, had no pain with resisted wrist extension, and had no thenar or hypothenar atrophy; although, he did exhibit some stiffness. (Tr. at 36). He was diagnosed with acute CTS of the right wrist, and notes indicate "this is an overuse/tendinitis issue." (Tr. at 37). Spears was again given a prescription for diclofenac. *Id*.

In this instance, none of the new evidence submitted by Spears to the Appeals Council would alter the outcome in this case, as it was wholly consistent with the evidence already considered by the ALJ. In fact, this evidence only strengthens and supports the

11

ALJ's decision that some limitations were necessary to address Spears's impairments but that he was not disabled.

## IV.    CONCLUSION

For the reasons stated above, substantial evidence supports the Commissioner's decision that Spears was not disabled, and the Commissioner's decision is AFFIRMED. Judgment will be entered for the Defendant.

DATED this 26th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

12